```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
SENSIO INC., a Delaware corporation,  :
:
                        Plaintiff,  :
: Civil Action No.
               against  : 1:20-cv-08170 (AT)
:
BRYNA KUHNREICH AND DIMITRI  : **PROTECTIVE ORDER**
PARASKEVOPOULOS,  :
:
                        Defendants.  :
:
------------------------------------------------------------- x

ANALISA TORRES, United States District Judge:

      WHEREAS, the parties to the above-captioned action (the "Action") are engaged in proceedings that will include, among other things, producing documents;

      WHEREAS, the parties to this Action are engaged in proprietary activities, and could be jeopardized if non-public financial information, business strategies, investment or operational information or other sensitive or confidential information or documents, including trade secrets, were disclosed publicly;

      WHEREAS, the parties to this Action, Sensio Inc. ("Plaintiff"), Bryna Kuhnreich and Dimitri Paraskevopoulos ("Defendants") and each of their respective, subsidiaries, affiliated companies, directors, officers, employees, attorneys, agents, assigns and representatives (together, the "Parties," and individually a "Party") request a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms in this Protective Order (the "Order");

WHEREAS, this Court finds good cause for the issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action:

IT IS HEREBY ORDERED that any person subject to this Protective Order, including, without limitation the Parties, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order, shall adhere to the following terms:

1. Any Party or non-party producing documents that has a good faith belief that such documents contain confidential technical, engineering, research and development, sales, marketing, financial, customer or other commercially sensitive information, or information that is otherwise entitled to confidentiality protection under the laws of the state of New York may designate such documents and information as "Confidential." This designation applies to all documents, information, and materials disclosed in connection with the Action by any Party or non-party, including such documents, information and materials disclosed: (a) during any discovery, deposition, hearing, pre- or post-trial proceeding, or other proceeding in this Action; (b) in any document created for this Action or produced in the proceedings by any Party or non-party; (c) in any pleading, letter, brief, affidavit, statement, witness statement, declaration, memorial, motion, or other writing submitted in this Action; (d) in any conference or other transcript generated in the course of this Action; (e) in any testimony or statement given in the Action, and any copy, note, abstract or summary of such

information; and (f) in any correspondence, oral discussion, and information exchanged in connection with the proceedings (collectively, "Confidential Discovery Material"). This Confidential Discovery Material will be kept confidential and may be used only in connection with this Action.

2. Any Party or non-party producing documents may designate as "Attorneys' Eyes Only" ("AEO") such "Confidential" information the disclosure of which is likely to cause harm to the competitive position of the producing party, including, but not limited to:  (a) trade secrets; (b) commercially sensitive competitive information, including, without limitation, information obtained from a non-party pursuant to a non-disclosure agreement; (c) commercially sensitive information or data relating to future products not yet commercially released and/or strategic plans; (d) engineering plans or models, schematics or other technical work product; (e) commercial agreements, settlement agreements, or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party; or (f) damages-related information, including but not limited to financial, business, or marketing plans, projections, forecasts, strategies or analyses, and sales, cost, profit, pricing or margin information.  Such materials shall be treated as a subset designation of Confidential Discovery Material.  Materials designated AEO will be labeled as such at the time of production or otherwise noted by the Parties.  In determining whether documents or information should be designated as AEO, each party agrees to use such designation in good faith.

3. The mass or indiscriminate designation of documents as "Confidential" or "AEO" information to impair or delay the discovery process is expressly prohibited.

4. For the purpose of conducting this Action, Confidential Discovery Material (not including AEO information) may be disclosed on an as needed or as appropriate basis to the following persons only, who shall automatically be bound by this Order:

(a) the Court, including any person having access to any confidential information by virtue of his or her position with the Court;

(b) stenographic reporters, if any, who record testimony or argument in this Action;

(c) outside counsel for a Party, or employees of counsel's law firm who are assisting counsel;

(d) persons who are or were authors or recipients of the information, as identified by the document or in the metadata thereof, in preparation for the Action;

(e) any Parties or witnesses in the Action;

(f) employees, officers, directors, and agents of the Parties for purposes consistent with this Order;

(g) counsel for non-party witnesses, to the extent reasonably necessary to prepare for this Action; or

(h) any person otherwise assisting counsel in this Action (including but not limited to experts retained or consulted by a Party, or outside

photocopying, graphic production services, litigation support services, consultants, or investigators employed by the Parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system); provided, however, that prior to disclosing or displaying the Confidential Discovery Material to any person, counsel must:

   (i) inform the person of the confidential nature of the information or documents;

   (ii) inform the person that the Parties have agreed that this person may not use the information or documents for any purpose other than this Action and may not disclose the information or documents to any other person; and

   (iii) require each such person to sign an agreement to be bound by this Order in the form attached hereto.

  5. For the purpose of conducting this Action, AEO information may be disclosed on an as needed or as appropriate basis to the following persons only:

   (a) the Court, including any person having access to any confidential information by virtue of his or her position with the Court;

   (b) stenographic reporters, if any, who record testimony or argument in this Action;

   (c) outside counsel for a Party, or employees of counsel's law firm who are assisting counsel;

(d) persons who are or were authors or recipients of the information, as identified by the document or in the metadata thereof, in preparation for the Action;

(e) any person not employed by the Parties but otherwise assisting counsel in this Action in a non-legal capacity (including but not limited to experts retained or consulted by a Party, or outside photocopying, graphic production services, litigation support services, consultants, or investigators employed by the Parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system); provided, however, that prior to disclosing or displaying the Confidential Discovery Material to any person, counsel must:

(i) inform the person of the confidential nature of the information or documents;

(ii) inform the person that the Parties have agreed that this person may not use the information or documents for any purpose other than this Action and may not disclose the information or documents to any other person; and

(iii) require each such person to sign an agreement to be bound by this Order in the form attached hereto.

(f) others, if the designating Party so agrees in writing.

6. This Order will remain in effect even after the conclusion of the Action.

7. Notwithstanding anything to the contrary in this Order (subject to Paragraph 19 below), this Order shall not restrict a Party from making any use

whatsoever of the documents or information it produces or that it receives outside of this Action.

8. Producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Order shall not:

(a) operate as or constitute an admission by any Party that any particular Confidential Discovery Material contains or reflects proprietary or commercially sensitive information or any other type of confidential information;

(b) prejudice in any way the rights of the Parties to object to the production of documents or other oral or written information they consider not subject to discovery;

(c) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

(d) prevent the Parties to this Order from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Discovery Material; or

(e) operate as or constitute a waiver of any attorney client, work product, or other privilege.

9. Upon termination of this Action, all copies of all Confidential Discovery Material shall be destroyed by the receiving party within thirty (30) days of entry of a final order or judgment of dismissal. In addition, all extracts or compilations containing portions of such Confidential Discovery Material, and all computerized formats thereof and indices thereto, in any form whatsoever, shall be destroyed by the

party that prepared them within thirty (30) days of entry of final order or judgment of dismissal. Notwithstanding anything to the contrary, counsel of record for the Parties may retain court papers, Confidential Discovery Material, and work product containing or incorporating confidential information in the manner provided in this Order, and people who must retain documents pursuant to law, court order, or regulation are permitted to do so in the manner provided in this Order.

10. The inadvertent production of any privileged materials in this Action will be without prejudice to any claim that such materials are privileged under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, and neither Party will be held to have waived any claims or arguments in the event of such inadvertent production.

11. If a Party believes that it inadvertently produced privileged material, the Party will notify in writing the recipient to whom the material was produced and the basis of the claim (the "Privileged Material Notice"). After receipt of a Privileged Material Notice, the Party to whom the privileged material was produced will promptly return, sequester, or destroy the privileged material, any copies it has in its possession, custody, or control, and any work product reflecting the contents of the privileged material. The Party to whom the privileged material was produced will not use or disclose the information until the claim is resolved, will take reasonable steps to retrieve the information if the Party disclosed it to anyone else before being notified, and will notify the disclosing Party in writing whether it objects to the designation of such material as privileged or protected. If a Party objects, the Parties shall meet and confer, and raise the issue with the Court as necessary, as expeditiously as possible. While any

such dispute is pending, the material at issue will be treated as privileged until the Court rules.

12. Any request to compel production of the inadvertently produced privileged materials will not assert as a ground for seeking the production of such materials the fact or circumstance of the inadvertent production.

13. If a disclosing Party inadvertently discloses AEO information, without designating it as such, the disclosing Party will inform the receiving Party of such inadvertent disclosure. The receiving Party will thereafter treat the information as AEO. To the extent any information may have been disclosed to anyone not authorized to receive such information under this Order, the receiving Party will make reasonable efforts to retrieve the information promptly and to avoid any further disclosure. The failure to advise the receiving Party of such inadvertent disclosure will not constitute a waiver or admission by the disclosing Party that such information does not qualify for protection as AEO as defined in this Order.

14. Nothing in this Order will constitute: (a) an agreement by the Parties to produce any documents or supply any information or testimony not otherwise agreed upon or required by order of the Court; (b) a waiver by any person or Party of any right to object to or seek a protective order with respect to any request for testimony or statement, document or information in this Action or in any other action; or (c) a waiver of any claim of immunity or privilege with regard to any testimony, statement, document or information.

15. In the event a Party, or a person receiving this Order, violates or gives reason to believe that he or she will violate this Order, the aggrieved Party will be

entitled to petition the Court for an appropriate remedy, or, if after the final judgment, commence a new action.

16. The Parties will serve a copy of this Order simultaneously with any discovery request made to a non-party in this action. A non-party producing information or material in this Action may designate such material or information as "Confidential" or "AEO" pursuant to the terms of this Order. A non-party's use of this Order to protect its confidential information does not entitle that non-party access to the Confidential Discovery Material produced by any party or any other non-party in this proceeding.

17. Any Party may challenge a designation of "Confidential" or "AEO" information at any time. Unless a prompt challenge to a Party's "Confidential" or "AEO" designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge such designation by electing not to mount a challenge promptly after the original designation is disclosed. The failure to challenge a designation shall not be construed as an admission by the receiving Party that the disclosing Party has any legally protectable rights or interest in the materials disclosed.

18. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The Parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the producing party. Until a determination by the Court, the

information subject to a designation challenge shall be treated as having been properly designated and subject to the terms of this Order.

19. This Order shall not supersede or replace any legal obligation or written agreement between Plaintiff or its affiliates and either of the Defendants with respect to confidential documents or information.

IT IS SO STIPULATED AND AGREED, THROUGH THE COUNSEL OF RECORD

DATED: January 12, 2021

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Risa M. Salins
P. Anthony Sammi, Esq.
David E. Schwartz, Esq.
Risa M. Salins, Esq.
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
E-mail: anthony.sammi@skadden.com
david.schwartz@skadden.com
risa.salins@skadden.com

*Counsel for Plaintiff*

DATED: January 12, 2021

OVED & OVED LLP

By: /s/ Andrew J. Urgenson
Terrence A. Oved, Esq.
Andrew J. Urgenson, Esq.
Christopher J. Rados, Esq.
401 Greenwich Street
New York, New York 10013
Telephone: (212) 226-2376
E-mail: andrew@ovedlaw.com

*Counsel for Defendants*

SO ORDERED.

Dated: January 13, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge

12